UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TINA RICHEY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-0018 |
| | § | |
| WAL-MART STORES, INC. and WAL-MART | § | |
| STORES TEXAS LLC | § | |
| *Defendants*. | § | |

## ORDER

This *Sabine Pilot* wrongful discharge case is before the Court on the motion of defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, L.L.C. (collectively "Wal-Mart") for summary judgment. (Dkt. 149). The motion is denied.

Plaintiff Tina Richey alleges that she was terminated from her employment with Wal-Mart because she refused to commit an illegal act. Specifically, she claims that her supervisor instructed her to destroy undamaged merchandise as part of a scheme to defraud Wal-Mart vendors. Her sole cause of action is based on the public policy exception to the Texas employment-at-will doctrine recognized in *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex. 1985).

The elements of this state law claim have been restated by the Fifth Circuit as follows: the plaintiff must prove that (1) she was required to commit an illegal act which carries criminal penalties; (2) she refused to engage in the illegality; (3) she was discharged; and (4) the sole reason for discharge was her refusal to

commit the unlawful act. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003), *citing Sabine Pilot*, 687 S.W.2d at 735; *Burt v. City of Burkburnett,* 800 S.W.2d 625, 626-27 (Tex. App.—Fort Worth 1990, writ denied). Applying the familiar Rule 56 standards, and notwithstanding Wal-Mart's arguments, Richey has produced enough evidence to create a jury issue on each element.

According to Richey's version of events, she was instructed by her supervisor to "learn" from a visiting department manager who had just demonstrated how to damage perfectly good merchandise in order to charge it back to a vendor for a 100% credit. When Richey protested that such conduct was illegal and she would not do it, her supervisor responded, "You'll do what you're told."[1] If believed by the jury, this sequence of events would readily support a finding (1) that Richey had been required or instructed[2] by her employer to commit an illegal act (e.g. theft by deception),[3] and (2) that Richey refused to engage in such conduct.

As for the third element (discharge), the evidence is conflicting. All agree

---

[1]   P.Ex. 2, Richey depo. at 46, 48.

[2]   Contrary to Wal-Mart's argument, the court finds no basis in *Sabine Pilot* case law to draw a distinction, for liability purposes, between these two verbs. In *Sabine Pilot* the Texas Supreme Court held that it was proper to deny summary judgment based on deposition testimony that Hauck "was instructed" to commit an unlawful act. 687 S.W.2d at 734. Intermediate Texas appellate courts have used the terms "required" or "requested" to describe the employer's culpable conduct. *See e.g., Burt, supra.* None of these cases suggest that such terms are anything other than synonyms for "instructed."

[3]   *See* Texas Penal Code § 31.03.

that Richey was terminated on May 1, 2006, ostensibly for stealing company time. However, according to the company, Richey was reinstated three days later to the same position and paid for the days she was off; Richey refused to return to work despite this reinstatement, and therefore her departure must be regarded as a voluntary quit. Richey's version of events is substantially different. She testified that she was offered reinstatement if she would agree to a lesser form of discipline, referred to as a "D day",[4] and sign a form admitting that she stole company time.[5] In other words, the offer of reinstatement was conditional, and therefore not effective unless she accepted its terms, which she declined to do. Under this scenario, Richey can plausibly contend (and a jury could reasonably find) that her original termination was never rescinded. Thus, there is a genuine dispute of fact regarding the discharge element of her claim.[6]

Further, although hotly disputed, there is enough evidence to support a finding that Richey's refusal to perform an illegal act was the sole reason for her discharge. The temporal nexus between her refusal and the events culminating in

---

[4] According to Richey, "D day" means "a deduction day, a day without pay." P.Ex. 2, Richey Depo. at 130.

[5] P.Ex. 2, Richey Depo. at 130-31.

[6] Richey has pleaded an alternative claim of constructive discharge, which is available under *Sabine Pilot. Nguyen v. Technical & Scientific Application, Inc.*, 981 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Given the disputed fact of discharge, it is unnecessary at this point to decide whether a jury issue has been presented on this alternative theory.

her discharge is less than six weeks, close enough to warrant suspicion. *See Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (three months sufficient to satisfy the causal nexus requirement for retaliation claim). The stated reason for her discharge, that she stole 30 minutes of company time on April 17, 2006, is undermined in various ways by plaintiff's evidence.

First, on the day of the occurrence the time clock did not allow Richey to clock in as usual because she had incorrectly been left off the schedule. After a period of time she found her supervisor and asked to be "swiped in"; when her supervisor asked what time she had arrived, Richey responded that she didn't know exactly, maybe around 8:20 am. The company later determined, based on video surveillance tape, that she actually arrived at 8:50, half an hour later. Richey has offered expert testimony that the video surveillance tape was altered.[7] Even if this testimony were excluded, Richey's repeated statement that she was unsure of the exact time of arrival tends to negate an intent to be paid for time not worked. The company's attempted rescission of her termination likewise suggests that someone in the company had second thoughts, perhaps about whether the punishment fit the offense, or perhaps whether she committed the offense at all. Finally, there is conflicting evidence as to who made the decision to terminate

---

[7] P.Ex. 28. Defendants have moved to exclude this expert testimony. (Dkt. 146).

Richey. Wal-Mart told the EEOC that Richey's direct supervisor, Jody Raburn, made the call to terminate her, but Raburn has testified the decision was made by "EAS", an employee assistance department at corporate headquarters.[8] From all this evidence, a reasonable fact-finder could conclude that the stated reason for Richey's discharge was a pretext for the real reason, refusal to perform an illegal act.

Wal-Mart further contends that Richey's claim for punitive damages must be denied because evidence of actual malice is missing. Texas permits recovery of punitive damages for wrongful discharge upon a showing of actual malice, defined as "ill will, spite, evil motive, or specific intent to cause injury to the employee." *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 454 (Tex. 1996) (workers' compensation retaliation case). Unlawful conduct by itself is not grounds for punitive damages. *Id.* Richey argues that her evidence shows that Wal-Mart first tried to force her to resign by harassment, and when that didn't work, deliberately set about to "frame" her for stealing time, going so far as to manipulate evidence to fabricate a reason for discharge. Whether there is enough evidence of actual malice to get to a jury presents a close question, and the answer may well hinge on the admissibility of contested evidence, such as expert testimony about

---

[8] P.Ex. 3, Raburn Depo. at 34-41, 118.

surveillance tape alteration. For that reason, the court at this time will deny Wal-Mart's motion for summary judgment on the claim for punitive damages, without prejudice to reconsideration in light of evidentiary rulings at trial.

Finally, Wal-Mart urges that Richey should be precluded from pursuing her *Sabine Pilot* claim, with its "sole cause" standard, because she filed an EEOC charge swearing that Wal-Mart terminated her for the additional reason that she complained about sexual harassment. *See Louviere v. Hearst Corp,* 269 S.W.3d 750 (Tex. App.—Beaumont 2008) (plaintiff's pleading in federal court asserting other reasons for discharge constituted a judicial admission barring *Sabine Pilot* claim in state court). The *Louviere* case relied in part on *Robertson v. Bell Helicopter Textron, Inc.,* 32 F.3d 948, 952-53 (5th Cir. 1994), in which the Fifth Circuit dismissed an employee's *Sabine Pilot* claim as inconsistent with his alternative claim of retaliatory discharge for filing a *qui tam* action under the False Claims Act. The *Robertson* opinion did not attempt to reconcile its holding with Rule 8(d)(3) of the Federal Rules of Civil Procedure, which permits a party "to state as many separate claims or defenses as it has, *regardless of consistency,*"[9] nor with the extensive case law applying that rule.[10] There is no need to wade into those

---

[9] Emphasis supplied.

[10] *See generally* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1283 (3d ed. 2004) ("The federal rule abrogates the so-called 'theory of the

6

muddy waters here, however. Richey's EEOC charge cannot constitute a judicial admission because it was not "made during the course of a judicial proceeding." *See Louviere* at 754. Wal-Mart is free to use the statement for impeachment or other evidentiary purposes, but it does not preclude Richey's *Sabine Pilot* cause of action.

For all these reasons, Wal-Mart's motion for summary judgment is denied in all respects.

Signed at Houston, Texas on October 23, 2009.

Stephen Wm Smith
United States Magistrate Judge

---

pleadings' doctrine that characterized common law and code practice, which required a plaintiff to seek recovery on a single theory, and only permitted relief to be granted on the particular theory adopted by the pleader"), and cases cited therein.